1
2
3
4
5
6
7
8
9                      UNITED STATES DISTRICT COURT

10                    EASTERN DISTRICT OF CALIFORNIA

11                         ----oo0oo----

12

13  JUDY CAVELL,
                                     NO. CIV. S-05-0432 FCD DAD
14           Plaintiff,

15      v.                           MEMORANDUM AND ORDER

16  FIDELITY NATIONAL FINANCIAL,
    INC., FIDELITY NATIONAL
17  FINANCIAL'S WELFARE BENEFIT
    PLAN, CHICAGO TITLE
18  CORPORATION, CHICAGO TITLE AND
    TRUST COMPANY, CHICAGO TRUST
19  AND TITLE COMPANY'S GROUP
    INSURANCE PLAN, HARTFORD LIFE
20  AND ACCIDENT INSURANCE COMPANY
    and DOES 1 through 10,
21  inclusive,

22           Defendants.
    _____/
23

24                         ----oo0oo----
                 This matter comes before the court on defendants'
25
    Fidelity National Financial, Inc. ("FNF"), Fidelity National
26
    Financial's Welfare Benefit Plan, Chicago Title Company ("CTC")
27
    Chicago Title and Trust Company ("CTTC"), and Chicago Title and
28

1   Trust Company's Group Insurance's motion to dismiss plaintiff's

2   complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

3   Rules of Civil Procedure.[1]  For the reasons set forth below,[2]

4   defendants' motion is GRANTED.

5                           **BACKGROUND**[3]

6        Plaintiff Judy Cavell is 54 years old, and has been unable

7   to work since 1990 due to a brain tumor she suffered in 1989.

8   (Compl., filed Mar. 3, 2005, ¶ 11).  From 1987 until 2000,

9   plaintiff was a participant in CTTC's Group Insurance Plan, which

10  included a comprehensive major medical and dental plan, a life

11  insurance plan, and disability insurance plans.  (Id. ¶ 4).

12  Beginning February 5, 1991, plaintiff received Long Term

13  Disability benefits under the terms of a plan sponsored by CTC

14  and administered by CTTC.  (Id. ¶¶ 12, 7).  In or around 2000,

15  FNF merged with CTC.  (Id. ¶ 12).  Plaintiff then became a

16  participant in FNF's Welfare Benefit Plan, which provided Group

17  Life, Supplemental Life, Accidental Death and Dismemberment,

18  Dependent Life, and Supplemental Dependent Life Insurance.  (Id.

19  ¶ 5).  CTC has remained a separate and distinct corporation.

20  (Id.)

21       In October 2001, FNF notified plaintiff that it did not

22  consider her an employee and was therefore terminating her

23  ───────────────────

24       [1]    All further references to a "Rule" are to the Federal
    Rules of Civil Procedure.
25
         [2]    Because oral argument will not be of material
26  assistance, the court orders this matter submitted on the briefs.
    E.D. Cal. Local Rule 78-230(h).
27
         [3]    The facts of this case are taken from plaintiff's
28  allegations in the complaint.

                                    2

medical plan effective December 31, 2001.  (Id. ¶ 13).  However, in January 2002, FNF permitted plaintiff to choose a new medical coverage plan and continued to provide her medical coverage. (Id. ¶ 14).  In January 2003, FNF again notified plaintiff that they were terminating her medical coverage effective March 31, 2003.  (Id. ¶ 15).

On March 12, 2003, plaintiff wrote to FNF and requested various plan documents from FNF and CTC.  (Id. ¶ 16).  Plaintiff renewed this request on April 14, 2003.  (Id. ¶ 17).  Plaintiff renewed this request again on July 6, 2004.  (Id. ¶ 19).  On July 1, 2004, FNF informed plaintiff that FNF would be terminating her medical coverage on July 31, 2004, and subsequently, did terminate plaintiff's benefits on that date.  (Id. ¶ 18).

On August 2, 2004, plaintiff again requested that the various plan documents be provided forthwith.  (Id. ¶ 20).  On or about September 23, 2004, defendants informed plaintiff that they did not have the time or staff to provide the requested documents, but that they would provide a summary plan description.  (Id. ¶ 21).  Defendants have never provided the description or the requested documents.  (Id. ¶ 21).

Plaintiff brings this claim seeking information and monetary penalties pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(c)(1) and 29 U.S.C. § 1132(g)(1).  Plaintiff asks the court to (1) declare her right to receive the documents she has requested from defendants; (2) declare that defendants violated 29 U.S.C. § 1132(c)(1) by failing or refusing to provide plaintiff with the requested information within 30 days of the request; (3) order

1  defendants to pay $100 per day for each day after April 11, 2003
2  until such information is provided to plaintiff; (4) award
3  plaintiff attorneys' fees and costs; and (5) any such other
4  relief as the court deems proper.

5      Defendants FNF, FNF's Welfare Benefit Plan, CTC, CTTC, and
6  CTTC's Group Insurance filed a motion to dismiss pursuant to
7  Rules 12(b)(1) and 12(b)(6).  Defendants contend that the court
8  lacks jurisdiction over this action because plaintiff lacks
9  standing to bring this claim.  Defendants further argue, that if
10 plaintiff does have standing, she fails to state a claim upon
11 which relief may be granted and that any claim she could have is
12 barred by the statute of limitations.

13                        **STANDARD**

14 **A.   Rule 12(b)(1):   Jurisdiction**

15     Lack of subject matter jurisdiction may be asserted by
16 either party or the court, *sua sponte*, at any time during the
17 course of an action.  Fed. R. Civ. P. 12(b)(1).  Once challenged,
18 the burden of establishing a federal court's jurisdiction rests
19 on the party asserting the jurisdiction.  See <u>Farmers Ins. Exch.</u>
20 <u>v. Portage La Prairie Mut. Ins. Co.</u>, 907 F.2d 911, 912 (9th Cir.
21 1990).  There are two forms of 12(b)(1) attacks on subject matter
22 jurisdiction: facial and factual attacks.  See <u>Thornhill Publ'g</u>
23 <u>Co. v. General Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir.
24 1979).  In an action such as this, where defendant contends that
25 the lack of federal jurisdiction appears from the "face of the
26 complaint," the allegations in the complaint are taken as true
27 for the purposes of the motion.  <u>Id.</u>
28 /////

                            4

**B.   Rule 12(b)(6):  Failure to State a Claim**

On a motion to dismiss, the allegations of the complaint must be accepted as true.  <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  <u>See</u> <u>id.</u>

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957); <u>NL Industries, Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).

Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendant[] ha[s] violated the . . . laws in ways that have not been alleged."  <u>Associated Gen. Contractors of Calif., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations."  <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

**ANALYSIS**

**A.   Standing**

**1.   Right of Civil Enforcement**

Defendants argue that plaintiff's claim should be dismissed

5

1   because she lacks standing.  First, defendants contend that

2   plaintiff failed to cite any statute that gives her a private

3   right of civil action or civil enforcement.  Plaintiff brings her

4   claim pursuant to section 502 of ERISA, codified in part in 29

5   U.S.C. § 1132(c)(1).  Section 1132 is titled "Civil Enforcement."

6   Section 1132(c) provides that

7       [a]ny administrator . . . who fails or refuses to
        comply with a request for any information which such
8       administrator is required by this subchapter to furnish
        to a participant or beneficiary . . . may in the
9       court's discretion be personally liable to such
        participant or beneficiary in the amount of up to $100
10      a day.

11  29 U.S.C. § 1132(c)(1)(B).  This section gives a plan participant

12  a civil right of action against an administrator.  29 U.S.C. §

13  1132; <u>See</u> <u>Firestone Tire & Rubber Co. V. Bruch</u>, 489 U.S. 101,

14  115-16 (1989); <u>Moran v. Aetna Life Ins. Co.</u>, 872 F.2d 296 (9th

15  Cir. 1989); <u>Hernandez v. S. Nev. Culinary & Bartenders Pension

16  Trust</u>, 662 F.2d 617, 620-21 (9th Cir. 1981).

17      Defendants contend that plaintiff's complaint should be

18  dismissed because she did not identify the subsection of §

19  1132(c)(1) under which she is bringing suit.  Plaintiff specified

20  that she was bringing suit under § 1132(c)(1).  (Compl. ¶ 1).

21  The sole claim of plaintiff's complaint is that defendants failed

22  or refused to send plaintiff the requested material within 30

23  days of her request.  (<u>Id.</u> ¶¶ 24-26).  Relief for this claim is

24  directly addressed in § 1132(c)(1)(B) in terms similar to those

25  used in plaintiff's complaint.  (<u>Id.</u>)  Therefore, under the

26  liberal notice pleading standard, defendants had notice of the

27  subsection under which plaintiff was seeking relief.  Defendants'

28  motion to dismiss cannot be granted on these grounds.

### 2. Plan Participant

Second, defendants contend that plaintiff does not have standing pursuant to § 1132(c) because she is not a plan participant.  Section 1132(a) provides that a civil action may be brought by a plan participant or beneficiary for the relief provided in § 1132(c).  For purposes of ERISA claims,

> [t]he term participant means any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . .

29 U.S.C. § 1002(7).  The Supreme Court has held that "the term 'participant' is naturally read to mean either 'employees in, or reasonably expected to be in, currently covered employment.'" Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989) (quoting Saladino v. I.L.G.W.U. Nat'l Retirement Fund, 752 F.2d 473, 476 (2d Cir. 1985).  In order for a claimant to establish that she "may become eligible" for benefits, a claimant must have a colorable claim that (1) she will prevail in a suit for benefits, or (2) eligibility requirements will be fulfilled in the future.  Id. at 118.

Defendants rely on the Ninth Circuit's ruling and reasoning in Kuntz v. Reese, 785 F.2d 1410 (9th Cir. 1986), to substantiate their argument that plaintiff must be a plan participant at the time the complaint was filed in order to qualify as a participant.  Kuntz is inapplicable to the case at bar.  In Kuntz, plaintiffs were retirees who had accepted the payment of everything due them in a lump sum payment and were not eligible for any further benefits.  Id. at 1411.  The court held that they did not have standing as "participants" because such retirees

7

1  "have no present or future right to Plan funds." Id.  In this

2  case, plaintiff was a plan participant at the time she requested

3  documents from the defendants.  (Compl. ¶¶ 16, 26).  Further,

4  plaintiff may have a colorable claim for reinstatement of

5  benefits, dependant upon what the documents she requested from

6  defendants reveal.  (Compl. ¶ 23).  Unlike the plaintiffs in

7  Kuntz, plaintiff has not surrendered all of her rights and

8  expectations of benefits in the medical benefits coverage

9  supplied by defendants.  In the words of § 1002(7), plaintiff

10  "may become eligible to receive a benefit."  Therefore, she is

11  considered a participant and has standing to bring this claim.

12  **3.  Proper Defendants**

13  Third, defendants contend that the only defendant against

14  whom a claim may be brought is FNF because it is the only plan

15  administrator named in the action.  Section 1132(c)(1) provides

16  that "any administrator" who does not comply with ERISA's

17  disclosure requirements may be personally liable.  29 U.S.C. §

18  1132(c)(1).  Only administrators and those who function as

19  administrators can be held liable under the section that

20  plaintiff brings her claim.[4]  See Taft v. Equitable Life

21  Assurance Soc'y, 9 F.3d 939, (holding employer who also acted as

22

23  [4]  Plaintiff cites to a myriad of cases that find
defendants who are not plan administrators liable under ERISA.
24  However, most of these cases do not address claims brought under
§ 1132(c)(1).  Those that do, confine liability to defendant
25  administrators or defendants who functioned as plan
administrators.  Further, plaintiff cites to Harris Trust &
26  Savings Bank v. Salomon Smith Barney, 530 U.S. 238, 246 (2000)
for the proposition that there is "no limit on the universe of
27  possible defendants" where ERISA does not explicitly establish
one.  The plaintiffs in Harris brought claims under 29 U.S.C. §
28  1106(a).  However, § 1132(c)(1) specifically provides that an
"administrator" may be liable.  29 U.S.C. § 1132(c)(1).

8

1  administrator liable) (9th Cir. 1993).  Plaintiff alleges in her

2  complaint that "at all relevant times" CTC and CTTC were

3  fiduciaries of her first benefit plan, and that CTTC functioned

4  as the plan administrator.  (Compl. ¶ 9).  Plaintiff also alleges

5  that "at all relevant times" FNF was a fiduciary of the second

6  benefit plan and functioned as the plan administrator.  (Compl. ¶

7  10).  Reading the allegations of the complaint in the light most

8  favorable to the plaintiff, plaintiff has adequately alleged that

9  CTTC and FNF functioned as plan administrators.  However,

10 plaintiff has not alleged that CTC, CTTC's Group Insurance, or

11 FNF's Welfare Benefit Plan were plan administrators or functioned

12 as plan administrators.  Therefore, defendants' motion to dismiss

13 plaintiff's complaint as it relates to defendants CTC, CTTC's

14 Group Insurance, and FNF's Welfare Benefit Plan is GRANTED.  To

15 the extent that defendants' motion to dismiss relates to

16 defendants FNF and CTTC, defendants' motion is DENIED.

17      Defendants argue that CTTC cannot be liable because

18 defendant ceased being a plan administrator in 2000.  However,

19 plaintiff alleges that CTTC was a plan administrator "at all

20 relevant times."  On a motion to dismiss, the court must accept

21 plaintiff's allegations as true and must give plaintiff the

22 benefit of every reasonable inference to be drawn from the "well-

23 pleaded" allegations of the complaint.  In this case, the court

24 must accept that CTTC was the plan administrator at all relevant

25 times, and that the relevant times include the dates when

26 plaintiff requested and failed to receive the benefit documents.

27 Therefore, plaintiff's claim against CTTC must stand.

28 /////

**B.   Failure to State a Claim**

  **1.   Statute of Limitations**

Defendants argue that plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. Specifically, defendants assert that plaintiff's claims are barred by the statute of limitations.

Where ERISA does not provide its own statute of limitations, courts must apply the most analogous statute of limitations under state law. <u>Felton v. Unisource Corp.</u>, 940 F.2d 503, 510 (9th Cir. 1991). The Ninth Circuit has held that the $100 per day recovery under ERISA § 1132(c) is not a penalty for purposes of California limitation. <u>Stone v. Travelers Corp.</u>, 58 F.3d 434, 438 (9th Cir. 1995) (relying on <u>Rivera v. Anaya</u>. 726 F.2d 564 (9th Cir. 1984)). Therefore, the applicable limitation for a claim brought pursuant to § 1132(c)(1) is found in California Code of Civil Procedure § 338(a), which provides a three-year limitation for an "action upon a liability created by statute, other than a penalty or forfeiture." <u>Id.</u>

Plaintiffs and defendants dispute the appropriate accrual date for purposes of this action. Plaintiff's complaint was filed on March 3, 2005, less than three years after April 11, 2003,[5] the date upon which defendants were required to produce the requested documents. Therefore, plaintiff's ERISA claim is timely. Defendants' motion to dismiss on the grounds that /////

---

  [5]   For purposes of this motion, the court uses the accrual date urged by defendants, which is the earliest of the dates offered by the parties.

1  plaintiff's claim was not brought within the statute of

2  limitations is DENIED.

3       **2.   Injunctive and Declaratory Relief**

4       Defendants also argue that plaintiff has failed to state a

5  claim for declaratory or injunctive relief because plaintiff has

6  failed to cite any statutes which provide for these forms of

7  relief.  However, § 1132(c) provides that "the court may in its

8  discretion order such other relief as it deems proper."  29

9  U.S.C. § 1132(c).  As such, this court may order the declaratory

10 and injunctive relief plaintiff seeks, and defendants' motion to

11 dismiss on these grounds is DENIED.

12      **3.   29 U.S.C. § 1132(c)**

13      Finally, defendants contend that plaintiff has failed to

14 state a claim because she has not identified the subchapter of

15 ERISA which requires defendants to furnish the information

16 requested by plaintiff.  Section 1132(c) provides that a plan

17 participant may bring a civil action against any administrator

18 "who fails or refuses to comply with a request for any

19 information which such administrator is *required by this*

20 *subchapter to furnish to a participant*."  29 U.S.C. §

21 1132(c)(1)(B).  In her complaint, plaintiff fails to point to the

22 statute that requires defendants to furnish the documents

23 requested by plaintiff on March 12, 2003.  As such, plaintiff has

24 failed to state a claim under 29 U.S.C. § 1132(c)(1)(B).  Even

25 under the liberal notice pleading standard, plaintiff has failed

26 to alert defendants of the alleged duty to disclose with which

27 they failed to comply.  Therefore, defendants' motion to dismiss

28 is GRANTED.

1  **C.    Leave to Amend**

2        Plaintiff seeks leave to amend any material defects in her

3  complaint.  Pursuant to Rule 15(a), "leave [to amend] is to be

4  freely given when justice so requires."  "[L]eave to amend should

5  be granted unless amendment would cause prejudice to the opposing

6  party, is sought in bad faith, is futile, or creates undue

7  delay."  <u>Martinez v. Newport Beach</u>, 125 F.3d 777, 785 (9th Cir.

8  1997).  Because there is no indication that plaintiff's amendment

9  is sought in bad faith or is futile, and because plaintiff's case

10 is at the early stages of litigation, plaintiff is granted leave

11 to amend the complaint to allege that dismissed defendants were

12 plan administrators or functioned as plan administrators of the

13 benefit plan at issue in this case and to allege the statutory

14 duty requiring defendants to disclose the materials requested by

15 plaintiff on March 12, 2003.  Therefore, justice requires that

16 plaintiff be granted leave to amend the complaint.

17 /////

18 /////

19 /////

20 /////

21 /////

22 /////

23 /////

24 /////

25 /////

26 /////

27 /////

28 /////

**CONCLUSION**

For the foregoing reasons, defendant's motion is GRANTED.[6] Plaintiff is granted twenty (20) days from the date of this order to file an amended complaint in accordance with this order. Defendants are granted thirty (30) days from the date of service of plaintiff's amended complaint to file a response thereto.


IT IS SO ORDERED.

DATED: December 21, 2005

                              /s/ Frank C. Damrell Jr.
                              FRANK C. DAMRELL, Jr.
                              UNITED STATES DISTRICT JUDGE

---

[6] Defendants contend that the court may want to consider whether Rule 11 sanctions would be appropriate in this case. Defendants have not properly made a motion to impose sanctions on plaintiff.  Further, based upon the foregoing analysis, the court does not consider plaintiff's claims to be frivolous and thus, Rule 11 sanctions are not warranted.

13